■ GREAT NECK WATER AUTHORITY, Respondent, v. CITIZENS WATER SUPPLY COMPANY OF NEWTON, Appellant.— In a condemnation proceeding under the Condemnation Law (§ 3 *et seq.*), the defendant appeals from so much of an order of the County Court, Nassau County, dated December 29, 1961, as denied its motion for summary judgment dismissing the petition, pursuant to rule 113 of the Rules of Civil Practice; and as granted plaintiff's motion to strike out for insufficiency the first, second and third affirmative defenses in the defendant's answer, pursuant to rule 109 of the Rules of Civil Practice. Appeal dismissed, without costs, insofar as it is taken from that portion of the order which struck out the defenses. In this respect the order is an intermediate order. Under the Condemnation Law such an order is not

appealable except where jurisdictional questions are involved (*Matter of West-chester Joint Water Works No. 1 v. Stowell*, 6 A D 2d 888; *Erie County Water Auth. v. Western New York Water Co.*, 281 App. Div. 1070). Order, insofar as it denied defendant's motion for summary judgment, affirmed, with $10 costs and disbursements. In our opinion, the condemnation of the physical property of an existing water supply company such as the defendant is not the acquisition or taking of a water supply or an additional water supply from an existing approved source; nor is it the taking or condemnation of lands for any new or additional sources of water supply or for the utilization of such supplies, within the meaning of section 450 (subd. [1], par. [a], [b]) of the Conservation Law; nor are any of the other subdivisions of the statute applicable. Beldock, P. J., Kleinfeld and Hill, JJ., concur; Ughetta and Brennan, JJ., concur as to the dismissal of the appeal from the portion of the order striking out the defenses, but dissent as to the affirmance of the order insofar as it denied defendant's motion for summary judgment dismissing the petition; and vote to reverse the order with respect to such denial and to grant defendant's motion for summary judgment, with the following memorandum: In our opinion, before the plaintiff could institute this condemnation proceeding, it was obliged to first obtain the approval of the Water Resources Commission as required by section 450 (subd. [1], par. [a]) of the Conservation Law (cf. *Onondaga County Water Auth. v. New York Water Serv. Corp.*, 285 App. Div. 655, 657). The plaintiff here does not seek to acquire by condemnation only the physical plant and the other physical facilities of the defendant. Plaintiff's purpose is also to acquire various lands of the defendant including the defendant's water rights therein (i.e., consisting of its rights to draw water from the wells located in said lands). In effect, plaintiff seeks to acquire the access to and the use of a supply of water plus the existing facilities to distribute it to the people in the community. In our view, the taking of such rights and property constitutes the acquisition of a "water supply" or a "water supply from an existing approved source" within the meaning of section 450 (subd. [a], par. [1]) of the Conservation Law.